<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAINTECH INC. and MAINTECH, INCORPORATED,<br><br>Defendants. | Civil Action No. 23-04458<br><br>**OPINION**<br><br>December 19, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Maintech, Incorporated's ("Defendant") Motion to Dismiss Plaintiff Mark Robinson's ("Plaintiff") Amended Complaint (ECF 26, "Am. Compl.")[1], pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 27, "MTD.") Plaintiff opposed the motion. (ECF 31, "Opp.") Defendant filed a reply. (ECF 33, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

---

[1] The Court notes that Plaintiff's Amended Complaint was not filed pursuant to Local Civil Rule 15.1(a)(2) requiring "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added."

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

This putative class action lawsuit arises from a cyberattack on Maintech in January 2023. (ECF 26, Am. Compl. ¶ 5.) The data breach resulted in the unauthorized disclosure of consumers' personal information including names, Social Security numbers, driver's licenses, and financial information. (*Id.* ¶ 2.) Plaintiff Mark Robinson is an alleged data breach victim. (*Id.* ¶ 13.) Third parties provided Maintech with consumers' personally identifiable information ("PII"), but Maintech did not identify the information involved in the data breach until June 2023. (*Id.* ¶¶ 4-5.) Maintech began notifications about the data breach in July 2023. (*Id.* ¶ 6.) Plaintiff filed a class action complaint in August 2023, asserting six counts against Defendant: negligence (Count I), negligence *per se* (Count II), breach of contract (Count III), unjust enrichment (Count IV), breach of fiduciary duty (Count V), and violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count VI). (ECF 1.) Defendant filed a motion to dismiss Counts III, IV, V, and VI on September 21, 2023. (ECF 5.) On April 12, 2024, this Court granted Maintech's motion to dismiss, dismissing Counts II, IV, V, and VI without prejudice. (ECF 22, "April Opinion.") Plaintiff filed his Amended Complaint on May 13, 2024. (ECF 26, Am. Compl.) Defendant now moves to dismiss the same counts. (ECF 27, MTD.)

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

---

[2] The facts and procedural history are drawn from the Amended Complaint (ECF 26, Am. Compl.), Defendant's Motion to Dismiss (ECF 27, MTD), Plaintiff's Opposition (ECF 31, Opp.), and Defendant's Reply. (ECF 33, Reply.)

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

"When a complaint involves allegations of fraud, a plaintiff must meet the heightened pleading requirements of Rule 9(b) to state a claim under Rule 12(b)(6)." *Franchitti v. Cognizant Tech. Sols. Corp.*, 555 F. Supp. 3d 63, 68 (D.N.J. 2021) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155 (3d Cir. 2014)); *see also* Fed. R. Civ. P. 9(b) (stating that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud," though conditions of the mind such as knowledge may be pled generally). "In order to satisfy Rule 9(b), a complaint must provide 'all of the essential factual background that would accompany the first paragraph of any newspaper story' — that is, the 'who, what, when, where and how' of the events at issue.'" *United States v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)).

### III. ANALYSIS

#### A. Breach of Contract (Count III)

Count III asserts a breach of contract claim. (Am. Compl. at 26-27.) Defendant argues that Plaintiff fails again to state a claim for breach of contract because he fails to establish third-party beneficiary status and fails to identify the specific contract and contractual provisions Defendant

breached. (MTD at 5-9.) Plaintiff argues that his allegations sufficiently state a claim for breach of contract. (Opp. at 5-7.)

To state a breach of contract claim under New Jersey law, a plaintiff must plead (1) the existence of a valid contract; (2) plaintiff's performance under the contract; (3) defendant's breach of the contract; and (4) damages resulting from the breach. *Pollack v. Quick Quality Rests., Inc.*, 172 A.3d 568, 576 (N.J. Super. Ct. App. Div. 2017). To determine if a party is a third-party beneficiary with a right to enforce the terms of a contract to which it was not a party, the test is "whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts." *Rieder Cmtys., Inc. v. Twp. of N. Brunswick*, 546 A.2d 563, 566 (N.J. Super. Ct. App. Div. 1988) (internal quotation and citation omitted). In *Plastic Surgery Center, P.A. v. Cigna Health and Life Insurance Company*, the court clarified that "third-party beneficiary status is dependent upon an examination of the disputed contract's terms and provisions." No. 17-2055, 2019 WL 1916205, at *8 (D.N.J. Apr. 30, 2019).

Here again, Plaintiff fails to state a claim for breach of contract. There are no allegations between himself and Maintech (*see* Am. Compl. ¶ 3), and Plaintiff fails to specify which parties are bound in contract for Plaintiff's express benefit. (*Id*. ¶¶ 116-17.) Plaintiff narrows down previous employers who could have given his PII to Maintech for safekeeping—however, these allegations do not sufficiently state a claim for breach of contract. (*See id.* ¶ 116.) With no contract or specific contractual provision, Plaintiff cites to Defendant's website and blog to allege "promises" that were "breached." (*See id.* ¶¶ 25, 28.) However, where the plaintiff "has neither provided a copy" nor "reference[d] a single provision from [the disputed] contract," the plaintiff has not sufficiently alleged, "nor can the Court ascertain," whether the plaintiff is a beneficiary at all. *Plastic Surgery Center, P.A.*, 2019 WL 1916205, at *8 (dismissing the plaintiff's count

premised on third-party beneficiary status); *Gentry v. Chubb*, No. 21-13744, 2023 WL 3456825, at *3 (D.N.J. May 15, 2023); *see also Kaminski v. Twp. of Toms River*, No. 10-2883, 2011 WL 1432185, at *8 (D.N.J. Apr. 14, 2011) (finding that, because the plaintiffs did not dispute that they were not signatories to the contract at issue, they were required to demonstrate third-party beneficiary status in order to have standing to bring a breach of contract claim). Because the Court has previously afforded Plaintiff an opportunity to amend his pleadings with respect to the breach of contract claim and because further amendment would be inequitable and futile, the Court dismisses Count III **WITH PREJUDICE**.

### B.  Unjust Enrichment (Count IV)

Count IV asserts an unjust enrichment claim. (Am. Compl. at 27-28.) Defendant argues that Plaintiff failed to state a claim for unjust enrichment because Plaintiff failed to plead that he conferred a meaningful benefit upon Defendant or any relationship between Plaintiff and Defendant. (MTD at 9-11.) Plaintiff argues that his allegations sufficiently state a claim for unjust enrichment. (Opp. at 7.)

To establish a claim for unjust enrichment in New Jersey, "'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust.'" *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994)). For this claim, a plaintiff must "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-846, 2011 WL 2976839, at *26 (D.N.J. July 21, 2011). In addition, "a claim for unjust enrichment requires a direct relationship between the parties." *Hammer v. Vital Pharms., Inc.*, No. 11-4124, 2012 WL 1018842, at *10 (D.N.J. Mar. 26, 2012);

*Bedi v. BMW of N. Am., LLC*, No. 15-1898, 2016 WL 324950, at *5 (D.N.J. Jan. 27, 2016) ("[T]here must be a direct relationship to assert an unjust enrichment claim."). "[I]t is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998).

Here again, no facts in the Complaint allege a direct relationship between Plaintiff and Defendant. Rather, the Amended Complaint explicitly reiterates that the data breach "affect[ed] consumers who had no relationship with Maintech, never sought one, and never consented to Maintech collecting and storing their information." (Am. Compl. ¶ 3.) Plaintiff argues that the Amended Complaint alleges that Maintech "benefitted from receiving Plaintiff's and Class members' PII . . . ." (Am. Compl. ¶ 126.) However, courts in this district have dismissed similar unjust enrichment claims based on "conferring" PII. *See In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation,* No. 19-2904, 2021 WL 5937742, at *18 (D.N.J. Dec. 16, 2021) ("Beyond vague allegations that Defendants collected information for 'commercial gain,' . . . the CCACs contain no facts showing how Defendants reaped monetary benefits or otherwise profited from Plaintiffs' [p]ersonal [i]nformation."). Accordingly, Plaintiff again fails to state an unjust enrichment claim. Because the Court has previously afforded Plaintiff an opportunity to amend his pleadings with respect to the unjust enrichment claim and because further amendment would be inequitable and futile, the Court dismisses Count IV **WITH PREJUDICE**.

### C. Breach of Fiduciary Duty (Count V)

Count V is a breach of fiduciary duty claim. (Am. Compl. at 28-30.) Defendant argues that Plaintiff failed to state a claim for breach of fiduciary duty because he fails to allege the existence

of a fiduciary relationship. (MTD at 11-12.) Plaintiff argues that his allegations sufficiently state a claim for breach of fiduciary duty. (Opp. at 8.)

To establish a breach of fiduciary duty, a plaintiff must plausibly allege "1) the existence of a fiduciary duty or relationship between the parties; 2) breach of that duty; and 3) resulting damages." *Read v. Profeta*, 397 F. Supp. 3d 597, 633 (D.N.J. 2019). Before a court can find a breach of a fiduciary duty, a plaintiff must allege that defendant owed a fiduciary duty to the plaintiff. *See Goodman v. Goldman, Sachs & Co.*, No. 10-1247, 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010). A hallmark of a fiduciary relationship is one party's placement of "trust and confidence in another[.]" *Big M, Inc. v. Dryden Advisory Grp.*, No. 08-3567, 2009 WL 1905106, at * 24 (D.N.J. June 30, 2009) (explaining that "[a] fiduciary obligation exists whenever one person places special 'trust and confidence' in another person upon whom the person relies to exercise discretion and expertise upon behalf of that person.").

Here again, the Amended Complaint does not allege a contractual fiduciary duty between the parties. The Amended Complaint also fails to allege a special relationship giving rise to a fiduciary duty between Plaintiff and Defendant. Rather, the Amended Complaint explicitly acknowledges the lack of a relationship between the parties. (Am. Compl. ¶ 3.) The Court reiterates its refusal to impute a fiduciary obligation on parties that the Plaintiff acknowledges have no relationship to each other.

Plaintiff argues that Plaintiff placed his "trust and confidence" in Maintech when Maintech acquired his PII. (Opp. at 8.) However, this does not create a formal fiduciary relationship as recognized by New Jersey law. Accordingly, the Amended Complaint fails to state a claim for breach of fiduciary duty. Because the Court has previously afforded Plaintiff an opportunity to

amend his pleadings with respect to the breach of fiduciary duty claim and because further amendment would be inequitable and futile, the Court dismisses Count V **WITH PREJUDICE**.

### D. New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, *et seq.* ("NJCFA") (Count VI)

Count VI asserts a violation of the NJCFA. (Am. Compl. at 30-33.) Defendant argues, *inter alia*, that Plaintiff is not a consumer as defined by the NJCFA and that the Amended Complaint fails to meet the heightened pleading standard under Rule 9(b). (MTD at 13-15.) Plaintiff argues that the new allegations in the Amended Complaint establish the "consumer" requirement and that the Amended Complaint is sufficiently pled. (Opp. at 8-10.)

"To state a prima facie case under the NJCFA, a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) (citing *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010)). The Act intended to protect "consumers who purchase 'goods or services generally sold to the public at large.'" *Arc Networks, Inc. v. Gold Phone Card Co., Inc.*, 756 A.2d 636, 637 (N.J. Super. Ct. Law Div. 2000) (quoting *Marascio v. Campanella*, 689 A.2d 852, 857 (N.J. Super. Ct. App. Div. 1997)). The Act was designed to apply to "products and services sold to consumers in the popular sense." *Arc Networks*, 756 A.2d at 638. "[T]o be a consumer respecting the transaction in question, the business entity must be 'one who uses (economic) goods, and so diminishes and uses their utilities.'" *City Check Cashing Inc. v. Nat'l State Bank*, 582 A.2d 809, 811 (N.J. Super. Ct. App. Div. 1990) (quoting *Hundred East Credit Corp. v. Eric Schuster*, 515 A.2d 246, 248 (N.J. Super. Ct. App. Div. 1986)). To determine the application of the NJCFA, a court should consider "the

8

character of the transaction rather than the identity of the purchaser[.]" *J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.*, 31 F.3d 1259, 1273 (3d Cir. 1994). Further, an "unlawful practice" is defined in the NJCFA as:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person . . .

N.J. Stat. Ann. § 56:8-2. Additionally, NJCFA claims are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012) (recognizing that Rule 9(b)'s heightened pleading requirements apply to NJCFA claims). However, the Third Circuit has applied the *Iqbal* plausibility standard instead of the heightened 9(b) standard to NJCFA violations based on the unconscionable commercial practices clause. *Ciser v. Nestle Waters N. Am., Inc.*, 596 F. App'x 157, 160 (3d Cir. 2015) (citing *Iqbal*, 556 U.S. at 678).

Here again, Plaintiff fails to state a claim under the NJCFA. As pled, the Amended Complaint does not sufficiently allege facts to satisfy the "consumer" requirement. The Amended Complaint still does not allege that Plaintiff Robinson used any good or diminished or used any utility provided by Defendant. *See Arc Networks*, 756 A.2d at 638; *see also City Check Cashing*, 582 A.2d at 811. After assessing "the character of the transaction," it remains unclear from the face of the Amended Complaint that Plaintiff is a consumer captured by the NJCFA in the alleged context — Plaintiff did not directly purchase services from Defendant, use or diminish goods or services, nor does Plaintiff provide factual allegations that he has been "victimized by being lured into a purchase through fraudulent, deceptive, or other similar kind of selling or advertising

9

practices. *See J & R Ice Cream*, 31 F.3d at 1273; *see also Daaleman v. Elizabethtown Gas Co.*, 390 A.2d 566, 569 (N.J. 1978). Once again, the Amended Complaint specifies that the people affected by the data breach did not have a relationship with Maintech. (Am. Compl. ¶ 3.) Plaintiff therefore did not purchase a product or service from Defendant in the "popular sense." *See Arc Networks*, 756 A.2d at 638. Plaintiff argues that the NJCFA does not require a direct relationship and that Plaintiff was a "recipient (i.e., consumer) of the IT services sold by Maintech", citing *Slebodnik v. Reynolds & Reynolds Co*. No. 14-03772, 2014 WL 6609132, at *4 (D.N.J. Nov. 20, 2014). This argument proves unavailing as Plaintiff would have effectively been unaware of his "receipt" of the alleged IT services sold by Maintech. (*See* Am. Compl. ¶ 3 (Plaintiff "had no relationship with Maintech, never sought one, and never consented to Maintech collecting and storing [his] information.").) Absent case law similarly construing the NJCFA to include "consumers" as contemplated by Plaintiff, the allegations remain insufficient as pled. Accordingly, the Amended Complaint fails to state a claim under the NJCFA. Because the Court has previously afforded Plaintiff an opportunity to amend his pleadings with respect to the NJCFA claim and because further amendment would be inequitable and futile, the Court dismisses Count VI **WITH PREJUDICE**.

    IV.    <u>**CONCLUSION**</u>

    For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Counts III, IV, V, and VI are dismissed **WITH PREJUDICE**. An appropriate order follows.

    */s/ Jamel K. Semper*
    **HON. JAMEL K. SEMPER**
    **United States District Judge**

Orig: Clerk
cc: André M. Espinosa, U.S.M.J.
      Parties